## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-756-SLR |
| | ) |
| JP MORGAN CHASE BANK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this $^{30th}$ day of $May$ , 2013, having screened the case pursuant to

28 U.S.C. § 1915(e)(2);

IT IS ORDERED that: (1) the complaint is dismissed for failure to state a claim

upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and (2)

plaintiff is given leave to amend, for the reasons that follow:

1. **Background**. Plaintiff, who resides either in Newark, Delaware or Bronx,

New York, proceeds pro se and has been granted leave to proceed in forma pauperis.

While not clear, it appears that plaintiff attempts to raise claims related to the

foreclosure of real property.

2. **Standard of review**. This court must dismiss, at the earliest practicable time,

certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or

seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

§ 1915(e)(2). The court must accept all factual allegations in a complaint as true and

take them in the light most favorable to a pro se plaintiff. *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93

(2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion.** Plaintiff filed an incomprehensible, thirteen page complaint. It appears that the subject matter of the complaint may be related to a mortgage foreclosure action that was filed in state court. However, it is not clear where the real property at issue is located or in what state court the proceedings take place. The complaint refers to 18 U.S.C. § 872 (extortion by officers or employees of the United

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

States), the Fifth Amendment, Federal Rule 13 (it is unclear if this refers to a civil or criminal rule), 28 U.S.C. § 1441 (a removal statute), the Federal Rules of Evidence, the Statute of Frauds, 28 U.S.C. § 455 (disqualification of a judge), 5 U.S.C. § 556(d) (hearings under the Administrative Procedures Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1651 (writs). The boxes checked on civil cover sheet include "other contract," "other fraud," "foreclosure," and "banks and banking." Therein, plaintiff describes the case as a due process violation.

7. In addition, it is not clear who the parties are. The caption lists Joseph Cunningham as the plaintiff, but the body of the complaint indicates that the plaintiff is "Joseph -A: Cunningham on behalf of 28 U.S.C. next friend 1664 Joseph H. Cunningham." (D.I. 2 at parties) It also appears that the complaint may have been brought on behalf of the heirs of Joseph H. Cunningham, Sr. Defendants are JP Morgan Chase and David Rockefeller, but in the body of the complaint plaintiff also refers to Monica Townsend, an attorney who apparently represents JP Morgan Chase Bank.

8. The complaint states that plaintiff's father signed the deed of trust, that defendant JP Morgan Chase Bank has made millions of dollars on his father's signature, and that money is due plaintiff through his father's investment. For relief, plaintiff seeks "damages release from the foreclosure list I'm the heir, donor, granter, executor, settler, trustee and the beneficiary," one million dollars, and punitive damages.

9. A pleading setting forth a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8.

4

As currently pled, it is not clear that plaintiff has standing to bring this claim, it is not clear if this court has jurisdiction over this matter, and the statutes upon which plaintiff relies, coupled with the difficult to decipher facts, fail to state a claim upon which relief may be granted. Even given the latitude accorded pro se pleadings, the filing is seriously deficient. Therefore, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

10. **Conclusion**. For the above reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. However, since it appears plausible that plaintiff may be able to articulate a claim, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

11. Plaintiff will be given one opportunity to file an amended complaint to cure the pleading defects. The amended complaint shall be filed within **twenty-one (21) days** from the date of this order. If plaintiff does not file an amended complaint within the time allowed, then the case will be closed.

UNITED STATES DISTRICT JUDGE