IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-756-SLR |
| | ) |
| JP MORGAN CHASE BANK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 1st day of July, 2013, having screened the case pursuant to 28

U.S.C. § 1915(e)(2);

IT IS ORDERED that:  (1) the amended complaint is dismissed as frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and pursuant to the *Younger* abstention

doctrine; (2) all pending motions (D.I. 8, 10) are denied as moot; and (3) the Clerk of

Court is directed to close the case, for the reasons that follow:

1.  **Background**.  Plaintiff proceeds pro se and has been granted leave to

proceed in forma pauperis.  The court previously screened the complaint, dismissed it,

and gave plaintiff leave to amend. (See D.I. 7)  He filed an amended complaint on

June 14, 2013.  (D.I. 11)  The court has jurisdiction by reason of diversity of the parties

pursuant to 28 U.S.C. § 1332.

2.  **Standard of review**.  This court must dismiss, at the earliest practicable time,

certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or

seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

§ 1915(e)(2).  The court must accept all factual allegations in a complaint as true and

take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion.** Plaintiff attempts to raise claims related to the foreclosure of real property located in Newark, Delaware. The recently filed amended complaint is a combination of discovery requests and allegations. Plaintiff is the executor of the estate

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

of his father, Joseph Cunningham, Sr. The property at issue was owned by the
decedent. The decedent received a loan from Weichert Financial and the loan was
sold or transferred to J.P. Morgan Chase Bank. Plaintiff alleges that the loan was paid
and that J.P. Moran Chase Bank is hiding the satisfaction of the loan from the heirs of
the decedent. Plaintiff alleges that financial institutions committed fraud and abuse and
took advantage of his father's investment. Plaintiff seeks return of the real property and
one million dollars in damages.

7. **Fraud.** At common law, fraud (or deceit) consists of: (1) a false
representation, usually one of fact, made by the defendant; (2) the defendant's
knowledge or belief that the representation was false, or was made with reckless
indifference to the truth; (3) an intent to induce the plaintiff to act or to refrain from
acting; (4) the plaintiff's action or inaction taken in justifiable reliance upon the
representation; and (5) damage to the plaintiff as a result of such reliance. *Stephenson
v. Capano Develop., Inc.*, 462 A.2d 1069, 1974 (Del. 1983). The amended complaint
alleges fraud in a conclusory manner, without supporting facts and fails to meet the
pleading requirements of *Iqbal.* Nor does the amended complaint meet the
requirements for pleading fraud pursuant to Fed. R. Civ. P. 9(b) which requires that a
plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient
particularity to place the defendant on notice of the "precise misconduct with which [it is]
charged." *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Even given
the latitude accorded pro se pleadings, the filing is seriously deficient and is frivolous.

8. **Abstention**. Defendant filed a motion to dismiss the complaint on the same day that the court screened the original order.[2] Therein, defendant indicates that, on November 26, 2012, it initiated a foreclosure action for the real property in question in the Superior Court of the State of Delaware, *JP Morgan Chase Bank, National Association v. Cunningham*, C.A. No. N12L-11-093 JRJ. (D.I. 9, Wiggins aff. ¶ 10, ex. H) Plaintiff is participating in the action on behalf of his father's estate. (*Id.* at ¶ 11, ex. I) It appears that the action remains pending.

9. Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.[3] *See Younger v. Harris*, 401 U.S. 37 (1971). In addition, under *Younger*, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[4] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). Abstention is appropriate when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted,

[2]The motion is moot, given that the court dismissed the complaint on May 30, 2013. (*See* D.I. 7)

[3]The court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d785, n.1 (3d Cir. 1994).

[4]The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

5

unless the matter falls within one of the *Younger* exceptions.[5] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

10. The *Younger* elements have been met and none of the its exceptions apply. There are on-going state proceedings for the foreclosure of real property. Delaware has an important interest in resolving real estate issues, and a ruling in the Delaware courts implicates the important interest of preserving the authority of the state's judicial system. *See e.g., Almazan v. 1ˢᵗ 2ⁿᵈ Mortg. Co. of NJ, Inc.*, 2011 WL 2670871 (D.N.J. June 2, 2011) (finding that the State has important interests in the foreclosure of property under the *Younger* doctrine); *Greg v. Pagano*, 287 F. App'x 155 (3d Cir. 2008) (unpublished) (court abstained under the *Younger* doctrine where plaintiffs sought a declaration that the judge was not authorized to nullify transfer of title and for an order enjoining the sheriff from conducting a sheriff's sale.). Finally, plaintiff has an adequate opportunity to raise any potential fraud claims in State court. Accordingly, pursuant to *Younger* and its progeny, the court must abstain. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

11. **Conclusion.** For the above reasons, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and by reason of abstention. Plaintiff was

---

[5]Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

provided an opportunity to correct his pleading deficiencies, to no avail. The court finds
further amendment futile. The Clerk of Court is directed to close the case.

UNITED STATES DISTRICT JUDGE